# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4499 | DATE | Sept. 28, 2004 |
| CASE TITLE | Asad Zaghloul  v  DaimlerChrysler Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOJune 14, 2004CKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing set for
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, the court awards fees and costs to plaintiff as follows: attorneys' fees in the underlying action in the amount of $22,308.40; costs in the amount of $2,629.18; fees incurred in connection with prosecuting the fee petition in the amount of $5,388.60.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | SEP 28 2004 date docketed | |
| | Notified counsel by telephone. | | | 51 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| GDS | courtroom deputy's initials | 2004 SEP 28 PM 4:00 Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ASAD ZAGHLOUL and TRACIE ZAGHLOUL )
nee PECCHIA, )
)
Plaintiffs )
) No. 03 C 4499
v. )
) Judge Robert W. Gettleman
DAIMLERCHRYSLER SERVICES, LLC; TRANS )
UNION, LLC; EXPERIAN INFORMATION )
SOLUTIONS, INC., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Having settled for the sum of $27,500 from defendant DaimlerChrysler Services, LLC ("DaimlerChrysler"), along with an undisclosed amount from defendants Trans Union, LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") in this action filed under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., plaintiffs' lawyers now seek $27,885.50 in attorneys' fees for prosecuting the case, $8,981.00 in fees for the fee petition, and $2,629.18 in costs from DaimlerChrysler.[1]

Ignoring the Supreme Court's admonition that, "[a] request for attorney's fees should not result in a second major litigation," Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983), and the spirit if not the letter of Local Rule 54.3, the parties, or more accurately their lawyers, have filed some 30 pages of briefs and numerous lengthy exhibits in their disagreement about the amount of fees due plaintiffs in this case. This is more "major litigation" than the parties engaged in during the underlying dispute. If this were to occur in every case in

---

[1] The settlement with Trans Union and Experian apparently included an undisclosed sum for attorneys' fees.

which fee shifting was required, proceedings in such civil litigation would be like the mirrors in a barbershop, with each pane reflecting a smaller and smaller image of the original, ad infinitum (or ad nauseam).

Although they went through the motions prescribed by this court's L.R. 54.3, and exchanged information and resolved a number of items, the parties seem to have ignored the overall spirit of the local rule that directs the them to "confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion." L.R. 53.4(d). Many of DaimlerChrysler's objections involve tenths of an hour spent by plaintiffs' attorneys and less money than it took to complain about these items. Having thoroughly reviewed the parties' submissions concerning plaintiffs' fee request, the court fails to understand why seemingly competent, rational lawyers could not resolve their remaining differences without taking their time and the valuable time of this court to sort out their disagreements.

As the Supreme Court noted in Hensley, 461 U.S. at 433, there is no question that the starting point of any fee petition in a case like this would be the "lodestar" amount computed by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. Although DaimlerChrysler has raised some principled objections to some of the time entries logged by plaintiffs' counsel, and although it appears to the court that DaimlerChrysler is correct to point out that a larger number of attorneys in plaintiffs' law firm, Edelman, Combs & Latturner, took part in this litigation than might have been necessary, it also is apparent to the court that plaintiffs tried to meet DaimlerChrysler's objections in good faith by eliminating a

number of entries and the time logged by several attorneys that might have been considered unnecessary, and by reducing their hourly rates from those originally claimed.

More importantly, DaimlerChrysler's response is deficient in a number of respects. First, although it articulates criticism of several types of charges found in plaintiffs' attorneys' time records, it fails to suggest the amount of a reasonable fee. DaimlerChrysler merely concludes that, "plaintiffs' fee award should be greatly reduced." It is not this court's job to serve as a bookkeeper or accountant for the parties. A responsible position requires an opponent of an award of attorneys' fees to which a prevailing party is entitled to compute and suggest the amount of a reasonable fee.

In addition, DaimlerChrysler, in attacking the hourly rate charged by plaintiffs' counsel, incorrectly states the rates sought and neglects to acknowledge the lower figures suggested by plaintiffs' counsel in its fee petition. Moreover, DaimlerChrysler presents no evidence in the form of affidavit or otherwise suggesting that the rates sought by the lawyers in plaintiffs' law firm are excessive. The senior attorneys at Edelman, Combs & Latturner are well known to this court as competent, skilled and experienced in consumer protection litigation. The hourly rates they seek are in line with Judge Holderman's recent decision in Payton v. New Century Mortgage Corp., 2004 WL 524693 (N.D. Ill. 2004), and are supported by the affidavit submitted by plaintiffs in connection with their fee petition. DaimlerChrysler's assertions that its own counsel charged less, and lower rates are charged by other consumer protection attorneys, who the court

notes are less experienced that the senior attorneys at Edelman, Combs & Latturner, also do nothing to convince this court that the hourly rates they seek are unreasonable.[2]

That being said, DaimlerChrysler does identify certain entries that are troubling to the court, particularly the duplication of attorney time for several tasks and an inconsistency in the number of hours logged by several attorneys in attending the same court hearing. These, as well as entries that do not specify whether certain activities were directed solely towards DaimlerChrysler, lead the court to conclude that plaintiffs' fee demand must be reduced somewhat.

In a case in which the fee request is "small," the Seventh Circuit has held that this court has the authority, in the exercise of its discretion, to apply a blanket reduction to a fee request rather than expend the enormous amount of time it would take to go through the plaintiffs' timesheets entry by entry. Heiar v. Crawford County, 746 F.2d 1190, 1204 (7th Cir. 1984). Although the amount of fees sought by plaintiffs in the instant case may be a bit more than "small" (as referred to in Heiar), to conduct a hearing on the numerous, petty objections raised by DaimlerChrysler would no doubt multiply the fees incurred by the parties (and taxable, at least in part, to the objecting defendant) more than the amount actually in dispute – not to mention the enormous expenditure of that scarcest commodity, court time, by the court.[3] Consequently, the court concludes that it has the power to order a blanket reduction given the facts of this case,

---

[2] Those rates are $375.00 per hour for Daniel Edelman and James Latturner, $215.00 an hour for Michelle Teggelaar, $175.00 an hour for junior associates, and $105.00 and $100.00 for paralegals.

[3] Another option available to the court, the appointment of a special master pursuant to Fed. R. Civ. P. 53, could result in some savings of the court's resources, but not that of the parties.

4

after taking a "closer look" at the parties' submissions. See Dutchak v. Central States, 932 F.2d 591, 597 (7th Cir. 1991). Thus, the court has examined the chart prepared by DaimlerChrysler listing its objections pursuant to L.R. 54.3, considered the nature and difficulty of this litigation, and applied its experience both as a former practitioner in this field (see Heiar, 746 F.2d at 1204), and as a judge who has heard and decided numerous consumer fraud cases. The court therefore reduces plaintiffs' fee request for the work in the underlying case by 20%.

With respect to costs, plaintiffs are correct in objecting to DaimlerChrysler's belated disagreement over the amount of costs sought, which was voiced for the first time in Daimler Chrysler's response to plaintiffs' petition for fees and costs. No objection was raised during the L.R. 54.3 process and, once again, DaimlerChrysler fails to suggest a proper amount of costs, concluding, as it did with respect to fees, that plaintiffs' "expenses should be denied, or in the alternative, greatly reduced." Accordingly, the court will award plaintiffs the full amount of costs sought in its petition, which the court finds to be reasonable.

Finally, plaintiffs' request for $8,981.00 in fees to prosecute the fee petition (to which no objection was filed) is, in this court's opinion, excessive. It results from a failure by both sides to comply with the spirit of the local rule as discussed above, although the court finds the greatest fault with defendants in this regard. The court will exercise its discretion to reduce the fees in connection with the fee petition by 40%.

For the reasons set forth above, the court awards fees and costs to plaintiffs as follows:

1. Attorneys' fees in the underlying action in the amount of $22,308.40;

2. For costs in the amount of $2,629.18; and

3. For fees incurred in connection with prosecuting the fee petition in the amount of $5,388.60.

**ENTER:** **September 28, 2004**

_____
**Robert W. Gettleman**
**United States District Judge**